UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

GMAC Mortgage, LLC (f/k/a GMAC Mortgage
Corporation),

          Plaintiff,

    v.

Schaefer Mortgage Corporation, Timothy Amsden,
Timothy Beaudoin, Rich Boisvert, John Gaglia,
Denise Johnson, Jake Pelletier and Sam Pirri.

          Defendants.

Civil Action No.  08-CV-428

## AMENDED VERIFIED COMPLAINT

Plaintiff GMAC Mortgage, LLC, formerly known as GMAC Mortgage Corporation, ("GMAC Mortgage") states as follows:

### Nature of Action

1.     This action arises out of the Defendants' actual and threatened misappropriation of GMAC Mortgage's confidential business information and the defendants' actual and threatened unlawful use of the "GMAC MORTGAGE" trademark. Defendants Amsden, Beaudoin, Boisvert, Gaglia, Johnson, Pelletier and Pirri (collectively, the "Individual Defendants") are former employees of GMAC Mortgage who subsequently obtained employment with Schaefer Mortgage Corporation ("Schaefer Mortgage"). Each of the Individual Defendants executed an employment agreement with GMAC Mortgage that required, among other things, that they refrain from using or disclosing GMAC Mortgage's Confidential Information (as defined in the agreements), both during and after their employment with GMAC Mortgage, and that they return all GMAC Mortgage property upon termination of their employment with GMAC Mortgage. Notwithstanding these clear commitments, the Individual Defendants misappropriated part or all of

GMAC Mortgage's confidential and proprietary customer database, as well as GMAC Mortgage's stationery and envelopes bearing the "GMAC MORTGAGE" trademark.  Subsequently, in their capacities as employees of Schaefer Mortgage, the Individual Defendants used the confidential and proprietary information in the GMAC Mortgage customer database to solicit GMAC Mortgage's customers on behalf of Schaefer Mortgage.  Worse yet, the Individual Defendants unlawfully used stationery and envelopes bearing the "GMAC MORTGAGE" trademark to solicit GMAC Mortgage's customers on behalf of Schaefer Mortgage, thereby creating the impression that GMAC Mortgage condoned, sanctioned or otherwise approved of their wrongful solicitation of GMAC Mortgage's customers.  On information and belief, the defendants are likely to continue to use GMAC Mortgage's confidential business information and the "GMAC MORTGAGE" trademark to solicit GMAC Mortgage's customers to the continued detriment of GMAC Mortgage.

## PARTIES

2.      GMAC Mortgage, formerly known as GMAC Mortgage Corporation, is a Delaware limited liability company with a principal place of business in Fort Washington, Pennsylvania.

3.      On information and belief, defendant Schaefer Mortgage is a New Hampshire corporation with a principal place of business at 5 Buttrick Road, Londonderry, New Hampshire.

4.      On information and belief, defendant Tim Amsden is an individual residing at 536 Dix Street, Manchester, New Hampshire.

5.      On information and belief, defendant Timothy Beaudoin is an individual residing at 4864 South Classical Boulevard, Delray Beach, Florida.

6.      On information and belief, defendant Rich Boisvert is an individual residing at 12 Westminster Lane, Merrimack, New Hampshire.

7.      On information and belief, defendant John Gaglia is an individual residing at 21

Coventry Road, Concord, New Hampshire.

8.      On information and belief, defendant Denise Johnson is an individual residing at 5 Mountain View Drive, Merrimack, New Hampshire.

9.      On information and belief, defendant Jake Pelletier is an individual residing at 100 Reserve Place, Concord, New Hampshire.

10.      On information and belief defendant Sam Pirri is an individual residing at 99 Upham Street, Malden, Massachusetts.

## JURISDICTION AND VENUE

11.      This case arises, in part, under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a). Accordingly, this Court possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

12.      This Court may exercise supplemental jurisdiction over the state law claims asserted in this action pursuant to 28 U.S.C. § 1367.

13.      This Court has personal jurisdiction over each of the defendants because they do business in this District and engaged in unlawful conduct and/or caused the harm at issue in this case in this District.

14.      Venue is proper in this District under 28 U.S.C. § 1391 because a substantial portion of the events giving rise to the claims as issue in this Complaint occurred in this District.

## FACTUAL ALLEGATIONS

15.      GMAC Mortgage is one of the nation's largest residential mortgage lenders. GMAC Mortgage originates and services mortgage loans for customers nationwide and has earned a reputation for offering high-quality service to its customers.

16.      "GMAC MORTGAGE" is a registered trademark covering "real estate mortgage banking and lending services; loan origination and financing via a global communications

network" (the "GMAC Services"), owned by General Motors Corporation (the "<u>GMAC</u>
<u>MORTGAGE</u> Mark").

     17.    GMAC Mortgage, as the exclusive licensee of the <u>GMAC MORTGAGE</u> Mark, has
the exclusive right to use the <u>GMAC MORTGAGE</u> Mark in connection with the GMAC Services.

     18.    The Individual Defendants formerly worked for GMAC Mortgage.  Defendant
Gaglia was a District Manager for GMAC Mortgage, and the remainder of the Individual
Defendants were employed by GMAC Mortgage as Loan Officers.

     19.    As a condition of their employment with GMAC Mortgage, each of the Individual
Defendants executed employment agreements with GMAC Mortgage (the "Agreements").  True
and accurate copies of the Individual Defendants' Agreements are attached at Tabs A through G.

     20.    The Agreements contained certain restrictive covenants that were binding on each
of the Individual Defendants during their employment with GMAC Mortgage and continue to be
binding after the termination of their employment with GMAC Mortgage.

     21.    Among the restrictive covenants in each the Agreements is a prohibition on the use
and disclosure of GMAC Mortgage's Confidential Information.  *See* Tabs A through E at Section
IX(A), Tab F at Section VIII(A), Tab G at Section XI.

     22.    The Agreements define Confidential Information to include, among other things,
customer lists.  *See* Tabs A through E at Section IX(B)(2); Tab F at Section VIII(B)(2); Tab G at
Section XI.

     23.    The Agreements also contain a provision requiring the employee to return all
GMAC Mortgage property upon the cessation of their employment, to destroy any such property
stored electronically on other devices and certain of the Agreements allow GMAC Mortgage to
inspect such electronic devices to confirm destruction.  *See* Tabs A through E at Section IX(C),

Tab F at Section VIII(C), Tab G at Section XII.

24.     In response to the mortgage lending crisis that has gripped the nation for the past year or more, GMAC Mortgage made the difficult decision to close its retail branches in early September 2008.

25.     Although it closed its retail branches, GMAC Mortgage continues to originate consumer mortgage loans through centralized call centers.  In the last month alone, GMAC Mortgage originated more than 1,900 mortgage loans through its centralized call centers.  GMAC Mortgage also continues to service more than 3,000,000 mortgage loans across the country.

26.     In connection with GMAC Mortgage's decision to close it retail branches, each of the Individual Defendants was laid off as part of a company-wide reduction in force.  The layoffs were staggered over a period of time between September 3, 2008 and October 3, 2008.

27.     On information and belief, shortly after being informed that they were going to be laid off from GMAC Mortgage, each of the Individual Defendants accepted employment with Schaefer Mortgage.

28.     Shortly after being informed that they were going to be laid off from GMAC Mortgage, the Individual Defendants, acting without GMAC Mortgage's permission, wrongfully stole a copy of part or all of at least one database (and, on information and belief, four separate databases) containing the names, account numbers and contact information of more than 1,400 GMAC Mortgage customers (the "GMAC Mortgage Database") for use on behalf of their new employer, Schaefer Mortgage.

29.     The GMAC Mortgage Database contains GMAC Mortgage's confidential and proprietary business information, as well as confidential consumer information.

30.     GMAC Mortgage has implemented several security measures to protect the GMAC

Mortgage Database, including but not limited to restricting access to the GMAC Mortgage Database to select employees and requiring employees with access to confidential data to execute restrictive covenants, as each of the Individual Defendants did in this case, to prohibit the use and disclosure of such information beyond GMAC Mortgage business purposes.

31.     Shortly after being informed that they were going to be laid off from GMAC Mortgage, the Individual Defendants also wrongfully stole template letters (the "GMAC Mortgage Template Letters") created by GMAC Mortgage which describe the services offered by GMAC Mortgage and which are used to solicit business from customers and/or prospective customers.

32.     Shortly after being informed that they were going to be laid off from GMAC Mortgage, the Individual Defendants also wrongfully stole GMAC Mortgage stationery and envelopes bearing the GMAC MORTGAGE Mark.

33.     The Defendants subsequently executed a scheme in which they willfully used the confidential information contained in the GMAC Mortgage Database to solicit GMAC Mortgage customers on behalf of Schaefer Mortgage.

34.     The Defendants willfully used stationery and envelopes bearing the GMAC MORTGAGE Mark in connection with the offering of real estate mortgage banking and lending services (the "Infringing Services").

35.     The Infringing Services are virtually identical to the GMAC Services, with which GMAC Mortgage has the *exclusive* right to use the GMAC MORTGAGE Mark.

36.     On September 22, 2008, defendant Beaudoin emailed defendant Gaglia to confirm the list of customers that the Individual Defendants were going to contact "using existing GMAC letterhead and envelopes." A true and accurate copy of this email is attached at Tab H. On September 22, defendant Beaudoin also emailed defendant Gaglia to confirm the use of the GMAC

Mortgage Template Letters that were to be used as the text for at least some of the letters. A true and accurate copy of this email is attached at Tab I. At the time he received these emails, defendant Gaglia still was employed as a District Manager at GMAC Mortgage, but he took no action to inform GMAC Mortgage of the Defendants' acts and intentions.

37.    On information and belief, the Defendants used the GMAC Mortgage Template Letters as the basis for the letters soliciting business on behalf of Schaefer Mortgage from GMAC Mortgage customers.

38.    In one version of the letters sent to GMAC Mortgage customers on stationery and envelopes bearing the <u>GMAC</u> <u>MORTGAGE</u> Mark, the Defendants (i) informed the customers that GMAC Mortgage had closed its retail branches nationwide; (ii) informed the customers that the Individual Defendants had joined Schaefer Mortgage and (iii) solicited the business of GMAC Mortgage's customers on behalf of Schaefer Mortgage. A true and accurate copy of one such letter, with the GMAC Mortgage customer's name, address and account number redacted, is attached at Tab J.

39.    In another version of the letters sent to GMAC Mortgage customers, the Defendants again used Confidential Information from the GMAC Mortgage Database and again used the <u>GMAC</u> <u>MORTGAGE</u> Mark to solicit the business of GMAC Mortgage customers on behalf of Schaefer Mortgage. However, in this version of the letter, the Defendants did not even disclose that the Individual Defendants had joined Schaefer Mortgage, but instead simply provided the telephone number at Schaefer Mortgage at which the GMAC Mortgage customer could contact the Individual Defendant. A true and accurate copy of one such letter, with the customer's name, address and account number redacted, is attached at Tab K.

40.    At least two GMAC Mortgage customers who had been solicited by the Defendants

subsequently wrote to GMAC Mortgage to express their confusion and anger at receiving the Defendants' solicitation.

<u>**Count I**</u>
<u>**False Designation of Origin Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**</u>
**(Against all Defendants)**

41.     GMAC Mortgage repeats and realleges the allegations contained in paragraphs 1 through 40.

42.     Defendants' actions constitute a false designation of origin under 15 U.S.C. § 1125(a) which is likely to cause confusion, mistake or to deceive and has confused and deceived customers into believing that the solicitations on behalf of Schaefer Mortgage are affiliated with, sponsored by, or somehow condoned by or otherwise connected with GMAC Mortgage.

43.     Defendants' unlawful activities reflect adversely on GMAC Mortgage because GMAC Mortgage has no ability to control the quality of Defendants' services, and as the believed source of origin, GMAC Mortgage's efforts to continue to protect its reputation for high quality services will be hampered, resulting in irreparable harm to GMAC Mortgage.

44.     If the Defendants are permitted to continue unlawfully using the <u>GMAC MORTGAGE</u> Mark, it will cause GMAC Mortgage irreparable harm by, among other things, exposing GMAC Mortgage to ongoing unfair competition by competitors.

45.     In addition, as a direct and proximate result of the Defendants' unlawful use of the <u>GMAC MORTGAGE</u> Mark in connection with the Infringing Services, GMAC Mortgage has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.

**Count II**
**Unfair Competition Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**
**(Against all Defendants)**

46.      GMAC Mortgage repeats and realleges the allegations contained in paragraphs 1 through 45.

47.      By passing off the <u>GMAC</u> <u>MORTGAGE</u> Mark in commercial advertising and promotion in a manner that is false, misleading and misrepresents the nature, characteristics and qualities of Defendants' services, the Defendants engaged in unfair competition within the meaning of 15 U.S.C. § 1125(a).

48.      If the Defendants are permitted to continue unlawfully using the <u>GMAC</u> <u>MORTGAGE</u> Mark, it will cause GMAC Mortgage irreparable harm by, among other things, exposing GMAC Mortgage to ongoing unfair competition by competitors.

49.      In addition, as a direct and proximate result of the Defendants' unlawful use of the <u>GMAC</u> <u>MORTGAGE</u> Mark in connection with the Infringing Services, GMAC Mortgage has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.

**Count III**
**Violation of N.H.  Rev. Stat. § 358-A**
**(Against all Defendants)**

50.      GMAC Mortgage repeats and realleges the allegations contained in paragraphs 1 through 49.

51.      The Defendants' theft of the GMAC Mortgage Database and use of the <u>GMAC</u> <u>MORTGAGE</u> Mark and confidential information from the GMAC Mortgage Database to solicit GMAC Mortgage's customers on behalf of Schaefer Mortgage without GMAC Mortgage's consent has been committed willfully, with the intent to cause confusion or mistake or to deceive

and to unfairly compete with GMAC Mortgage.

52.     The Defendants' conduct constitutes a violation of N.H. Rev. Stat. Ann. §358-A.

53.     If the Defendants are permitted to continue unlawfully using the <u>GMAC MORTGAGE</u> Mark and the GMAC Mortgage Database, it will cause GMAC Mortgage irreparable harm by, among other things, exposing GMAC Mortgage to ongoing unfair competition by competitors.

54.     In addition, as a direct and proximate result of the Defendants' unlawful use of the <u>GMAC MORTGAGE</u> Mark and the GMAC Mortgage Database, GMAC Mortgage has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.

### Count IV
### Violation of State Unfair Competition Statutes
### (Against all Defendants)

55.     GMAC Mortgage repeats and realleges the allegations contained in paragraphs 1 through 54.

56.     The Defendants' theft of the GMAC Mortgage Database and use of the <u>GMAC MORTGAGE</u> Mark and confidential information from the GMAC Mortgage Database to solicit GMAC Mortgage's customers on behalf of Schaefer Mortgage without GMAC Mortgage's consent has been committed willfully, with the intent to cause confusion or mistake or to deceive and to unfairly compete with GMAC Mortgage.

57.     The Defendants' wrongful conduct violates the unfair competition laws of each of the states in which the Defendants sent letters unlawfully using information from the GMAC Mortgage Database and the <u>GMAC MORTGAGE</u> Mark, including but not limited to Massachusetts (M.G.L. ch. 93A), Rhode Island (R.I. Gen. Laws § 6-13.1-2), Florida (Fla. Stat. §

501.204), South Carolina (S.C. Code Ann. § 39-5-20) and Maine (ME. REV. STAT tit 10, § 1212).

58.     If the Defendants are permitted to continue unlawfully using the GMAC MORTGAGE Mark and the GMAC Mortgage Database, it will cause GMAC Mortgage irreparable harm by, among other things, exposing GMAC Mortgage to ongoing unfair competition by competitors.

59.     In addition, as a direct and proximate result of the Defendants' unlawful use of the GMAC MORTGAGE Mark and the GMAC Mortgage Database, GMAC Mortgage has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.

### Count V
### Breach of Contract
### (Against the Individual Defendants)

60.     GMAC Mortgage repeats and realleges the allegations contained in paragraphs 1 through 59.

61.     Each of the Individual Defendant executed an Agreement with GMAC Mortgage.

62.     Through their above-described actions, including but not limited to their improper misappropriation of the GMAC Mortgage Database and subsequent use of the Confidential Information contained in the GMAC Mortgage Database and the GMAC Template Letters, the Individual Defendants each have breached their respective Agreements.

63.     Given the egregious nature of the breaches, there remains a likelihood that the Individual Defendants will continue to breach their respective Agreements and will inevitably use or disclose GMAC Mortgage's Confidential Information.

64.     If the Individual Defendants are permitted to continue breaching their respective Agreements, GMAC Mortgage will suffer irreparable harm including, among other things, ongoing

unfair competition by competitors and disclosure of GMAC Mortgage's Confidential Information.

65.     In addition, as a direct and proximate result of Individual Defendants' above-described actions, GMAC Mortgage has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.

### Count VI
### Violation of N.H. Rev. Stat. 350-B
### (Against all Defendants)

66.     GMAC Mortgage repeats and realleges the allegations contained in paragraphs 1 through 65.

67.     Through their willful and malicious actions, the Defendants have misappropriated GMAC Mortgage's trade secrets, as that term is defined in N.H. Rev. Stat. 350-B, for their own benefit, and have used and/or disclosed GMAC Mortgage's trade secrets to the detriment of GMAC Mortgage.

68.     Based on the Defendants' prior willful and malicious actions, it is inevitable that they will continue to use or disclose GMAC Mortgage's trade secrets absent an order from this Court enjoining them from such further disclosures.

69.     Therefore, GMAC Mortgage is entitled to an injunction preventing the Defendants from retaining, utilizing or further disclosing GMAC Mortgage's trade secrets, as that term is defined in N.H. Rev. Stat. 350-B.

### Count VII
### Conversion
### (Against all Defendants)

70.     GMAC Mortgage repeats and realleges the allegations contained in paragraphs 1 through 69.

71.     At all times relevant to this Complaint, GMAC Mortgage had a right to immediate

possession of the GMAC Mortgage stationery and envelopes.

72.     By their acts, the Defendants have intentionally and wrongfully exercised acts of dominion over personal property to which they have no right of possession, including the GMAC Mortgage stationery containing the <u>GMAC</u> <u>MORTGAGE</u> Mark.

73.     GMAC Mortgage has suffered and continues to suffer damages as a result of the Defendants' conversion of the GMAC Mortgage's property.

### Count VIII
### Tortious Interference with Contractual Relations
### (Against all Defendants)

74.     GMAC Mortgage repeats and realleges the allegations contained in paragraphs 1 through 73.

75.     GMAC Mortgage has contractual relationships with its customers that resulted in GMAC Mortgage receiving ongoing, repeat business from them.

76.     The Defendants knew of such contractual relations and acted intentionally to interfere with such contractual relations.

77.     The Defendants acted with improper purpose or through improper means to interfere with these contractual relations.

78.     As a direct and proximate result of the Defendants' interference with GMAC Mortgage's contractual relations, on information and belief some GMAC Mortgage customers have paid off their GMAC Mortgage loans and refinanced with other lenders including, on information and belief, Schaefer Mortgage.

### Count IX
### Civil Conspiracy
### (Against all Defendants)

79.     GMAC Mortgage repeats and realleges the allegations contained in paragraphs 1

through 78.

80.     The Defendants engaged in concerted actions to accomplish an unlawful purpose and/or to accomplish a lawful purpose by unlawful means, including but not limited to unlawfully using the <u>GMAC MORTGAGE</u> Mark and the GMAC Mortgage Template Letters to engage in unfair competition with GMAC Mortgage.

81.     On information and belief, the Defendants agreed on the unlawful purpose and/or course of action of unlawfully using the <u>GMAC MORTGAGE</u> Mark and the GMAC Mortgage Template Letters to engage in unfair competition with GMAC Mortgage.

82.     The Defendants committed one or more unlawful overt acts in pursuit of the unlawful purpose or course of action referenced in Paragraph 81.

83.     As a direct and proximate result of the Defendants' unlawful acts, GMAC suffered damages and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.

**Count X**
**Breach of Fiduciary Duty**
**(Against Gaglia)**

84.     GMAC Mortgage repeats and realleges the allegations contained in paragraphs 1 through 83.

85.     Gaglia was an employee with management responsibilities at GMAC Mortgage. As such, he owed a duty of loyalty to GMAC Mortgage.

86.     Gaglia breached his duty of loyalty to GMAC Mortgage during his employment with GMAC Mortgage by, among other things, participating in a scheme in which the Individual Defendants stole the GMAC Mortgage Database and stationery containing the <u>GMAC MORTGAGE</u> Mark for the purpose of contacting and soliciting GMAC Mortgage's customers on

behalf of Schaefer Mortgage using the <u>GMAC</u> <u>MORTGAGE</u> Mark and using the GMAC Mortgage Template Letters.

87.     Gaglia's breach of his duty of loyalty has caused, and will continue to cause, GMAC Mortgage irreparable harm by, among other things, exposing GMAC Mortgage to ongoing unfair competition by competitors.

88.     In addition, as a direct and proximate result of Gaglia's unlawful conduct, GMAC Mortgage has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.

**Count XI**
**Declaratory Relief**
**(Against the Individual Defendants)**

89.     GMAC Mortgage repeats and realleges the allegations contained in paragraphs 1 through 88.

90.     The Agreements executed by each of the Individual Defendants (except for the Agreement executed by Gaglia) provide for certain post-termination payments based on commissions from loans that are approved within 30 days after the employee's termination date.

91.     The Agreements (except for the Agreement executed by Gaglia) further provide, however, that where the employee is terminated for cause or has engaged in actions that have resulted in a loss for GMAC Mortgage, commissions are paid only for loans closed up to the date of termination and may be withheld by GMAC Mortgage to offset losses caused by the employee. The Agreement executed by Gaglia provides that, regardless of the reason for termination, commissions are paid only for loans closed up to the date of termination.

92.     Through their unlawful actions, the Individual Defendants have caused losses to GMAC Mortgage.

93.     Accordingly, GMAC Mortgage seeks a declaration pursuant to 28 U.S.C. § 2201 that none of the Individual Defendants are entitled to receive commission payments for any loans that were not closed as of their respective dates of termination, and further that GMAC Mortgage may withhold any alleged commissions due to offset the losses that the Individual Defendants have caused.

## DEMAND FOR RELIEF

WHEREFORE, GMAC Mortgage demands a judgment in its favor on all Counts of the Complaint.  In addition, GMAC Mortgage demands:

A.     Compensatory damages in an amount to be determined at trial, including but not limited to:

    (1)     The value of the GMAC Mortgage property stolen by the Defendants; and

    (2)     The costs incurred by GMAC Mortgage to discovery the Defendants' wrongful conduct, recover its property and rectify the damage to its goodwill and customer relations that the Defendants have caused.

B.     Injunctive relief, including but not limited to an order requiring the Defendants:

    (1)     To return all of GMAC Mortgage's Confidential Information, including but not limited to the GMAC Mortgage Database, as well as any other GMAC Mortgage property in their possession, custody or control;

    (2)     To permanently delete any of GMAC Mortgage's Confidential Information, including but not limited to the GMAC Mortgage Database, from the Defendants' computers, servers, network or other electronic memory files and to provide GMAC Mortgage with a right of inspection to confirm that such deletion has occurred or, in the alternative, to provide for inspection by

an independent third party at the Defendants' sole expense to confirm that

such deletion has occurred;

(3)     To cease and desist from any further use or disclosure of any of GMAC

Mortgage's Confidential Information;

(4)     To cease and desist from using the <u>GMAC</u> <u>MORTGAGE</u> Mark in

commerce; and

(5)     To cease and desist from contacting any GMAC Mortgage customer.

C.     Pre-judgment and post-judgment interest;

D.     Punitive damages;

E.     Attorneys' fees and costs; and

F.     Such other relief as is just and appropriate.

> Respectfully submitted,
> GMAC Mortgage, LLC
> By its attorneys,
>
> /s/ Robert G. Young
> John A. Houlihan (N.H. Bar No. 9442)
> Robert G. Young (Mass. BBO #650541)
> (admitted *pro hac vice*)
> EDWARDS ANGELL PALMER & DODGE LLP
> 111 Huntington Avenue
> Boston, MA  02199-7613
> 617.239.0100

Dated: October 27, 2008

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the
ECF system will be sent electronically to the
registered participants as identified on the Notice of
Electronic Filing (NEF) on October 27, 2008.  To
non-registered participants, this document will be
served via overnight mail.

/s/ Robert G. Young

## VERIFICATION

I, *Cathy Williams*, hold the title of *Sr. Vice President* with GMAC Mortgage, LLC. Except as to matters alleged on information and belief, I have personal knowledge of the allegations of fact set forth in this Verified Complaint, which are true and correct. As to those matters alleged on information and belief, I am informed and do believe that such allegations are true and correct.

Signed under the pains and penalties of perjury on this 24th day of October 2008.

_____

SWORN AND SUBSCRIBED before me this 24 day of October 2008.

_____
Notary Public

My Commission Expires:

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Carol Lynne Bonello, Notary Public
Upper Merion Twp., Montgomery County
My Commission Expires Apr. 18, 2009
Member, Pennsylvania Association of Notaries