UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

*******************************************
GMAC Mortgage, LLC (f/k/a GMAC Mortgage Corporation),

        Plaintiff.

v.

Schaefer Mortgage Corporation, Timothy Amsden, Timothy Beaudoin, Rich Boisvert, John Gaglia, Denise Johnson, Jake Pelletier and Sam Pirri,

        Defendants

*******************************************

Civil Action No.
1:08-CV-00428-PB

### DEFENDANT SCHAEFER MORTGAGE CORPORATION'S RESPONSE TO PLAINTIFF'S (AMENDED) EMERGENCY MOTION FOR PRELIMINARY INJUNCTION

NOW COMES the Defendant, Schaefer Mortgage Corporation ("SMC"), by and through its counsel, Kazan, Shaughnessy, Kasten & McDonald, and responds to Plaintiff's (Amended) Emergency Motion for Preliminary Injunction, stating as follows:

1. Because this case has just been filed and because no discovery has been conducted, Schaefer Mortgage Corporation ("SMC") is not in a position to address with specificity the factual allegations which Plaintiff recites in its motion and which Plaintiff asks the Court to endorse in its proposed order.

2. To the extent the Motion or order suggests that SMC had knowledge of, or encouraged, any improper conduct by the individual Defendants, or that SMC engaged in

any misconduct of its own, SMC disputes the allegations. SMC will address the specific allegations made by Plaintiff when it files its answer.

    3.     SMC will say that it neither condoned nor encouraged any breach by the Individual Defendants of their employment contracts with Plaintiff, if such breaches occurred. Nor did it condone, encourage or knowingly benefit from the misappropriation of any proprietary information, trademark or trade name of Plaintiff, if such misappropriation occurred.

    4.     To the extent Plaintiff proves up allegations of wrongdoing by the Individual Defendants, SMC does not object to preliminary relief which is calculated to hold Plaintiff harmless from such misconduct. Items 1, 3 and 4 on page 5 of the proposed order strike SMC as sensible ways to do that.

    5.     SMC does object to Plaintiff's request for relief No. 5, and objects, in part, to request for relief No. 2 for the following reasons.

    6.     With respect to No. 2, SMC of course, has no objection to deleting from its computer system any proprietary information belonging to Plaintiff (to the extent it is shown not to be information readily available in the public domain). It has no interest in retaining such information if it is in the possession of SMC and if it has been improperly acquired.

    7.     SMC does object to the manner in which Plaintiff proposes to verify that the information in question has been deleted. Plaintiff proposes that GMAC Mortgage, or third parties, be allowed to inspect SMC's computer files to confirm that the information has been deleted. SMC objects to opening its proprietary databases to inspection by Plaintiff or others. Like Plaintiff, SMC has a duty to its customers to protect their private

information which is stored in SMC's computer files. Like Plaintiff, SMC has an interest in preserving confidential or proprietary information which is necessary to the successful conduct of its business.

8. SMC proposes that it be allowed to provide an affidavit to confirm that such deletion, as the Court may order has occurred. In the alternative, SMC would be willing to present a representative to be questioned by the Court to confirm that any such order has been complied with.

9. SMC objects to request No. 5 because, if granted in its present form, it raises the very real prospect that SMC will find itself in involuntary or inadvertent noncompliance with the Court's order. This is due to the reality of how mortgage companies market their services.

10. It is common for mortgage companies like SMC and Plaintiff to send out mass mailings or e-mails advertising their services. For example, SMC might send a mailing to every homeowner in a city or every mortgagor revealed by the records of the registry of deeds of a particular county to encourage them to refinance with SMC. If the scope of Plaintiff's business is as substantial as it claims in its pleadings, it is inevitable that some such mailings will be sent to customers who currently do business with Plaintiff. Such mailings do not rely on any proprietary information.

11. SMC does not object to any order which prohibits it from using any of Plaintiff's proprietary information to contact customers of Plaintiff. It does believe that the relief necessary to protect Plaintiff's interest in such property can and should be more narrowly tailored, and ought to prohibit only such contact with GMAC customers which is made possible by the use of proprietary information.

WHEREFORE, Defendant SMC requests that this Court:

A. Limit the relief which it grants to Plaintiff as set forth above; and

B. Grant such other relief as is just.

Respectfully submitted,

SCHAEFER MORTGAGE
CORPORATION

By Its Attorneys,

KAZAN, SHAUGHNESSY, KASTEN
& MCDONALD

Dated: October 29, 2008          By: /s/ Marc W. McDonald
                                      Marc W. McDonald – Bar #1666
                                      746 Chestnut Street
                                      Manchester, NH 03104
                                      (603) 644-4357

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant Schaefer Mortgage Corporation's Response to Plaintiff's (Amended) Emergency Motion for Preliminary Injunction was this day forwarded to John A. Houlihan, Esq., Robert G. Young, II, Esq., William E. Christie, Esq., James D. Rosenberg, Esq., Brian Quirk, Esq. and Charles F. Keefe, Esq. opposing counsel.

/s/ Marc W. McDonald
Marc W. McDonald
