UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

GMAC Mortgage, LLC (f/k/a GMAC Mortgage Corporation),

        Plaintiff,

    v.

Schaefer Mortgage Corporation, Timothy Amsden, Tim Beaudoin, Rich Boisvert, John Gaglia, Denise Johnson, Jake Pelletier, and Sam Pirri

        Defendants.

Civil Action No. 08-CV-428

**STIPULATED AND APPROVED INJUNCTION**

Pursuant to Fed. R. Civ. P. 65, plaintiff GMAC Mortgage LLC ("GMAC Mortgage") and defendants Schaefer Mortgage Corporation ("Schaefer Mortgage"), Tim Beaudoin and John Gaglia (individually and collectively, Schaefer Mortgage, Mr. Beaudoin and Mr. Gaglia may be referred to as the "Defendants") hereby stipulate to the following Injunction and the Court hereby accepts and adopts the Injunction:

IT IS HEREBY ORDERED, that Defendants, Defendants' agents, employees, successors, attorneys, and all those in active concert or participation with them shall:

(1) Within two (2) business days of the date this Injunction is entered, return all of GMAC Mortgage's property in their possession, custody or control, including but not limited to any GMAC Mortgage customer database (or databases) as well as any other GMAC Mortgage confidential and proprietary information. For purposes of this Injunction, GMAC Mortgage "confidential and proprietary information" shall mean any GMAC Mortgage property that any of the individual

defendants named in this litigation took with them or otherwise had in their possession when their employment with GMAC Mortgage ended, specifically including but not limited to "Confidential Information" as that term is defined in the GMAC Mortgage Loan Officer Employment and Compensation Agreement(s) and/or GMAC Mortgage Residential Loan Originator Employment and Compensation Agreement(s) previously executed by each of the individual defendants, but shall not include any personal contact lists created by any of the individual defendants which reflects only the name, address, email address, and telephone number of customers or prospective customers that the individual defendant dealt with during his or her employment with GMAC Mortgage, provided that the contact list was not taken from some other, proprietary GMAC Mortgage database.

(2) Within two (2) calendar days of the date this Injunction is entered, permanently delete any and all of GMAC Mortgage's confidential and proprietary information from the Defendants' computers, servers, network and any other electronic memory files or devices and provide affidavits to GMAC Mortgage to confirm that such deletion has occurred;

(3) As of the date this Injunction is entered, cease and desist from further using or disclosing any of GMAC Mortgage's confidential and proprietary information, or any other GMAC Mortgage property;

(4) As of the date this Injunction is entered, cease and desist from using the "GMAC MORTGAGE" trademark in commerce; and

(5) For a period of nine (9) months from the date this Injunction is entered (the

      "Restricted Period"), cease and desist from doing business with any GMAC Mortgage customer whose contact information was contained in any GMAC Mortgage confidential and proprietary information that the Defendants are returning to GMAC Mortgage and/or deleting from electronic sources pursuant to this Injunction.  A list of the names and addresses of the GMAC Mortgage customers referenced in the preceding sentence is included in Exhibit A to this Injunction, which shall be filed with the Court under seal.  During the Restricted Period, Schaefer Mortgage may retain a single copy of Exhibit A for purposes of monitoring the Defendants' compliance with the Injunction, but shall not be permitted to make any copies of Exhibit A.  At the conclusion of the Restricted Period, Schaefer Mortgage shall destroy its copy of Exhibit A, and shall provide an affidavit to GMAC Mortgage certifying that it has destroyed its copy of Exhibit A, that no other copies of Exhibit A have been made by Schaefer Mortgage or any of its employees, and that there are no copies of Exhibit A in the possession, custody or control of Schaefer Mortgage.

(6)    Mr. Gaglia and Mr. Beaudoin agree that they shall be bound by this Injunction in their individual capacities, regardless of whether they remain employed at Schaefer Mortgage.  In the event Mr. Gaglia or Mr. Beaudoin leave their employment with Schaefer Mortgage at any time during the Restricted Period and obtain new employment in the residential mortgage field, they shall apprise counsel for GMAC Mortgage of the name and address of their new employer.  At GMAC Mortgage's option, GMAC Mortgage shall then forward a copy of Exhibit A either to Mr. Gaglia or Mr. Beaudoin or to their new employer, for purposes of

monitoring Mr. Gaglia's and Mr. Beaudoin's compliance with the Injunction. At the conclusion of the Restricted Period, Mr. Gaglia and Mr. Beaudoin each shall execute an affidavit certifying that they have destroyed any copy of Exhibit A that they have received pursuant to this paragraph, that no other copies of Exhibit A have been made by Mr. Gaglia or Mr. Beaudoin, and that there are no copies of Exhibit A in the possession, custody or control of Mr. Gaglia or Mr. Beaudoin.

GMAC Mortgage and the Defendants each recognize that it is in their mutual interest to stipulate to this Injunction, and that this Injunction in no way constitutes an admission of liability with respect to any of the claims asserted against any of the Defendants in the above-captioned lawsuit.

It is so ORDERED this  23  of December, 2008.

/s/ Paul J. Barbadoro
United States District Court Judge